```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
TRUSTEES OF THE DISTRICT COUNCIL                           :
NO. 9 PAINTING INDUSTRY INSURANCE                          :
FUND and TRUSTEES OF THE DISTRICT                          :
COUNCIL NO. 9 PAINTING INDUSTRY                            :    22-CV-7703 (VSB)
ANNUITY FUND and DISTRICT COUNCIL                          :
NO. 9 INTERNATIONAL UNION OF                               :    OPINION & ORDER
PAINTERS AND ALLIED TRADES, A.F.L.-                        :
C.I.O.,                                                    :
                                                           :
                                       Petitioners,        :
                                                           :
                  - against -                              :
                                                           :
                                                           :
UNITED STRUCTURE SOLUTION, INC.,                           :
                                                           :
                                       Respondent.         :
                                                           :
-----------------------------------------------------------X
```

Appearances:

Laurence Michelle Kugielska
Barnes, Iaccarino, & Shepherd, LLP
Elmsford, NY 10523
*Counsel for Petitioners*

VERNON S. BRODERICK, United States District Judge:

  Before me is the petition of District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. ("Petitioner" or the "Union") to confirm an arbitration award of $24,385.00 granted by the Joint Trade Committee of the Painting and Decorating Industry (the "Joint Trade Committee"). Because I find that there is no genuine issue as to any material fact and no indication in the record that any grounds for vacating or modifying the arbitration award exist, the petition is GRANTED, and the arbitration award is CONFIRMED.

I. **<u>Factual Background and Procedural History</u>**[1]

Petitioner is a labor organization with its principal office in New York, New York. (Pet. ¶ 2.) Respondent United Structure Solution Inc. ("Respondent" or "United Structure") is a corporation domiciled in New York, New York. (*See id.* ¶ 3.)

Petitioner and Respondent were parties to a collective bargaining agreement which provides that disputes are to be submitted to arbitration by the Joint Trade Committee. (*Id.* ¶ 4–5.) On April 7, 2022, a representative of the Petitioner visited a jobsite of the Respondent where four non-Union employees were performing work. (Award 3.) The Union representative reported that Respondent did not register this job or submit wages and benefits for these employees. (*Id.*)

Following Respondent's failure to submit wages and benefits, failure to register a job, and hiring of non-Union labor, Petitioner filed a Demand for Arbitration with the Joint Trade Committee. (*Id.* ¶¶ 6–7.) The Joint Trade Committee held a hearing on May 3, 2022, which Respondent did not attend. (Award at 3.) On May 25, 2022, the Joint Trade Committee issued an award in favor of Petitioner. (Pet. ¶¶ 8–9.) Following the issuance of the Award, Petitioner served a demand letter on Respondent, but Respondent failed to comply with the Award. (*Id.* ¶¶ 12–13.)

On September 9, 2022, Petitioner filed the instant motion to confirm the arbitration award. (*See generally id.*) On October 21, 2022, Petitioner filed an affidavit of service. (Doc. 7.) The deadline for United Structure to respond was December 8, 2022. (*See id.*) To date, United Structure has not appeared, responded to the Petition, or requested additional time to

---

[1] The following facts are drawn from the Petition to Confirm Arbitration Award (the "Petition" or "Pet."), (Doc. 1), and the supporting evidence submitted by Petitioner, including the opinion and award of Arbitrators Jed Coldon and John Drew in this matter (the "Award"), (*see* Doc. 3-1).

2

respond to the Petition.

### II.     Applicable Law

The FAA provides a "streamlined" process for a party seeking "a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). In reviewing an arbitration award, a federal district court "can confirm and/or vacate the award, either in whole or in part." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Specifically, under section 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs.*, 552 U.S. at 582 (quoting 9 U.S.C. § 9). Under section 10 of the FAA, a district court may vacate an arbitration award on four grounds, including "where there was evident partiality or corruption in the arbitrators, or either of them" or "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(2), (3). "Consistent with federal policy favoring arbitration, these vacatur provisions are to be accorded the narrowest of readings." *Beljakovic v. Melohn Properties, Inc.*, No. 04 CIV. 3694 JMF, 2012 WL 5429438, at *2 (S.D.N.Y. Nov. 7, 2012), aff'd, 542 F. App'x 72 (2d Cir. 2013) (internal quotation marks omitted). The Second Circuit has found "as judicial gloss on these specific grounds for vacatur of arbitration awards," that a "court may set aside an arbitration award if it was rendered in manifest disregard of the law." *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011) (internal quotation marks omitted) (collecting cases).

An unanswered petition to confirm an arbitration award is typically treated as "akin to a motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 109; *see also Trustees of the*

*New York City Dist. Council of Carpenters Pension Fund v. Formula 1 Builders, LLC*, 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (same).  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted."  *Id.*  As with a motion for summary judgment, "[e]ven unopposed motions . . . must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'"  *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).  In other words, "the showing required to avoid confirmation is very high."  *D.H. Blair*, 462 F.3d at 110.

### III. Application

#### A. *Confirmation of the Award*

I have reviewed the Petition and the Award and find that no genuine issues of material fact exist in this case.  In addition, there is no indication that the Award was procured through fraud or dishonesty or that the arbitrator was acting outside the scope of her authority.  Rather, the record demonstrates that the arbitrators based their award on undisputed evidence presented by Petitioner.  Accordingly, Petitioner's motion is granted, and the Award is confirmed.  *See, e.g.*, *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund v. IBEX Constr., LLC*, No. 18-CV-2797 (VSB), 2019 WL 2281276, at *3 (S.D.N.Y. May 29, 2019) (confirming arbitration award where respondent did not oppose petition and record supported arbitrator's findings); *Trs. for Mason Tenders Dist. Council*

*Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund v. Decent Gen. Constr. Corp.*, No. 18-CV-4878 (VSB), 2019 WL 1434300, at *3 (S.D.N.Y. Mar. 31, 2019) (same); *Trs. For the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., L.L.C.*, No. 7:13-cv-1925 (NSR), 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2016) (same).

### B. *Attorneys' Fees and Costs*

Petitioner seeks attorneys' fees and costs incurred in bringing this action. Although "Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award," the "guiding principle" is that "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (cleaned up). Here, Respondent has not complied with the Award or even appeared to offer any justification for its failure to do so. Accordingly, an award of attorneys' fees is appropriate. *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15-CV-9040 (RA), 2016 WL 6952345, at *5 (S.D.N.Y. Nov. 28, 2016).

"The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.*, No. 13 Civ. 2608(JGK), 2014 WL 840965, at *10 (S.D.N.Y. Mar. 4, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). The starting point in analyzing whether claimed attorneys' fees are reasonable is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). To support their request for attorneys' fees, a petitioner must submit "contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of

5

the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Counsel for Petitioner, Barnes, Iaccarino & Shepherd LLP ("BIS"), BIS seeks $2,400 for eight hours of work at a rate of $300 per hour. (*See* Doc. 12, at 4.) Petitioner's only support for this request, was an affidavit detailing the time spent on this matter. (*See id.*) Petitioner does not attach or refer to any contemporaneously created time records. Typically, contemporaneously created time records are required for an award of attorneys' fees. *See Scott v. City of New York*, 626 F.3d 130, 133–34 (2d Cir.2010). In this case, I find that Petitioner's declaration is sufficient because it was made by the attorney who performed the work and includes the date, time, and details of task performed. *See Authors Guild, Inc. v. Bass,* 614 F. App'x 564, 566 (2d Cir. 2015) ("The district court did not abuse its discretion in relying on the summaries rather than the records on which they were based."); *Cruz v. Loc. Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (accepting typed listing of attorneys' hours based on computer records.); *Bowman v. Receivables Performance Mgmt. LLC,* No. 20-CV-1779-LTS, 2022 WL 1321372, at *2 (S.D.N.Y. May 3, 2022) (Accepting declarations made by attorneys with knowledge of the work performed in lieu of contemporaneously produced itemized billing records.); *David v. Sullivan*, 777 F.Supp. 212, 223 (E.D.N.Y.1991) ("Attorney affidavits which set forth all charges with the required specificity but which are reconstructions of the contemporaneous records satisfy the rationale underlying Carey . . . ").

I have reviewed the summary of the hours spent on the matter, compared them against the prevailing rates in the community, and I find that the amounts requested are reasonable. *See, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Visual Acoustics, LLC*, No. 18-cv-4393 (JGK)*,* 2018 WL 3187351, at *3 (S.D.N.Y. June 28, 2018) (awarding attorney his

requested fee rate of $350 per hour); *Bennett v. Asset Recovery Sols., LLC*, No. 14-CV-4433 (DRH) (SIL), 2017 WL 432892, at *7 (E.D.N.Y. Jan. 5, 2017) (finding that courts "regularly approve hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals").  Accordingly, I approve BIS's rate of $300 per hour for eight hours of work in this case.

Petitioner also seeks to recover $540.00 in filing and statutory fees in connection with this case.  (Doc. 12, at 2.)  "Recovery of such costs is routinely permitted."  *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 1:16-cv-1115-GHW, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases).  Accordingly, Petitioner's request for costs in the amount of $540.00 is granted.

### C.    *Post-Judgment Interest*

I also award post-judgment interest, which "is mandatory on awards in civil cases as of the date judgment is entered."  *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. §1961(a)).  *Accord Decent Gen. Constr. Corp.*, 2019 WL 1434300, at *3 ("Petitioners are entitled to post-judgment interest from the date of entry of the Court's judgment, at the rate provided for by 28 U.S.C. § 1961.").

### IV.    Conclusion

For the foregoing reasons, Petitioner's motion is GRANTED.  The Award is CONFIRMED, and the Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondent in the amount of $24,385.00 in fines, plus attorneys' fees in the amount of $2,400.00, costs in the amount of $540.00, and post-judgment interest in accordance with 28 U.S.C. §1961.

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: January 13, 2023
      New York, New York

                                            Vernon S. Broderick
                                            United States District Judge